# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KENNETH A. DEMIEN,<br><br>                  Plaintiff,<br>v.<br><br>SPRINT,<br><br>                  Defendant. | Case No. 17-CV-1082-JPS<br><br><br>**ORDER** |

      Plaintiff, Kenneth A. Demien, filed a *pro se* complaint alleging that Defendant Sprint, his former employer, terminated him due to his age and in retaliation for his complaints of age discrimination. (Docket #1). Before the Court is Plaintiff's motion to proceed *in forma pauperis*. (Docket #2).

      In order to allow a plaintiff to proceed without paying the filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit is frivolous. 28 U.S.C. §§ 1915(a), (e)(2)(B)(I). On the first question, although the plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

      Plaintiff avers in his motion that he is separated from his wife, unemployed, and has no dependents. (Docket #2 at 1). He claims to receive $2,167.00 in monthly income through Social Security benefits and $267.00 per month in pension payments from Sprint, for a total monthly income of

$2,434.00. *Id.* at 2. He asserts that his monthly expenses, including his mortgage, car payment, and other household expenses, total $2,774.00. *Id.* His assets include a 2011 Chrysler Cherokee, which he values at $13,500, a home worth $360,000.00, with $60,000 in equity, and a checking account containing $2,853.00. *Id.* at 3. He avers that after being wrongfully forced into retirement from Sprint, he is "struggling and just trying to get by each month." *Id.* at 4.

On these averments, the Court cannot conclude that Plaintiff is unable to afford the $400.00 filing fee. Although his monthly expenses appear to exceed his income, Plaintiff has numerous valuable assets. Indeed, according to Plaintiff, he has enough money in his checking account to immediately pay the filing fee in this case. The Court sympathizes with Plaintiff's diminished financial means as a result of his separation from Sprint, but suffering such a setback does not mean that Plaintiff is actually indigent. *See Wolinsky v. Bd. of Educ. of City of Chicago*, No. 95 C 6487, 1996 WL 66003, at *1 (N.D. Ill. Feb. 12, 1996) (denying leave to proceed *in forma pauperis* where the plaintiff had social security income and funds in a bank account).

The federal *in forma pauperis* statute is designed to ensure that indigent litigants have meaningful access to the federal courts, not that any *pro se* litigant may assert his legal claims for free. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). As such, the Court is obliged to deny Plaintiff leave to proceed without prepayment of the filing fee in this case. Plaintiff must pay the filing fee in full within **twenty-one (21) days** of the date of this Order or his case will be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff must remit the entire $400.00 filing fee for this action on or before **September 13, 2017** or this action will be dismissed; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 23rd day of August, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge